UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAURA FLORES TAPIA,<br><br>             Plaintiff,<br><br>       v.<br><br>BURLINGTON COAT FACTORY OF TEXAS, INC., et al.,<br><br>             Defendants. | Case No.: 1:23-cv-01294-JLT-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Maria Laura Flores Tapia is proceeding through counsel Jason Cole and Jonathan M. Kashani of the Law Office of Jonathan M. Kashani, P.L.C.

**I.      RELEVANT PROCEDURAL BACKGROUND**

On or about July 10, 2023, Plaintiff commenced an action in the Superior Court of the State of California, County of Kern, against Defendants Burlington Coat Factory of Texas, Inc., Burlington Coat Factory, Burlington, and Does 1 to 100.  *See* Doc. 1 ("Notice of Removal"), Exhibit 2.  Plaintiff filed the operative first amended complaint on or about August 18, 2023.  *Id.* ¶ 1 & Exhibit 1.  After answering the first amended complaint in the state court action, Defendant Burlington Coat Factory of Texas, Inc., removed the action to this Court on August 29, 2023. (Doc. 1).  In the Notice of Removal, the removing Defendant represented that the two other named co-Defendants (Burlington Coat Factory and Burlington) are unknown entities that have

not been served. *Id.* ¶ 1.

On August 30, 2023, the Clerk of Court directed counsel for Plaintiff to apply for admissions to practice before this Court (Doc. 3); to date, counsel has not complied with this direction.

Because counsel for Plaintiff has not applied for admissions to practice before this Court, on November 14, 2023, the Court ordered Plaintiff to show cause in writing no later than November 21, 2023, why this action should not be dismissed for failure to prosecute this action and failure to comply with this Court's Local Rules and orders. (Doc. 4). Further, because Plaintiff has not promptly filed proofs of service as to the two non-appearing co-Defendants (Burlington Coat Factory and Burlington), by that same date, the Court ordered Plaintiff to file either proof of service or a notice of voluntary dismissal for the two co-Defendants, or a report setting forth good cause for the service delay. *Id.* The deadline for Plaintiff to respond to the Court's order has passed and Plaintiff has failed either to comply or respond.

## II.   DISCUSSION

### A.   Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.  Analysis

Here, Plaintiff's counsel has failed to apply for admissions to practice before this Court and failed to respond to the Court's order regarding service upon the non-appearing Defendants. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, at the commencement of the action almost three months ago, the Clerk of Court directed counsel for Plaintiff to apply for admissions, and the Court more recently has ordered counsel for Plaintiff to apply for admissions by November 21, 2023.  (*See* Doc. 4). Because Plaintiff has failed to comply with the order, her inaction amounts to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to apply for admissions to practice and to resolve the issue of the non-appearing Defendants, neither Plaintiff nor her counsel are moving this case forward and they are impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey its orders will result in

dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's November 14, 2023 order expressly warned Plaintiff that the action could be "dismissed for failure to prosecute" and "failure to comply with this Court's Local Rules" if Plaintiff failed to respond to the order.  (Doc. 4). Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

As Plaintiff has been unable or unwilling to adhere to the Court's admonishments and remedy her deficiencies as set forth above, the undersigned finds dismissal is warranted.

### III.     CONCLUSION, ORDER AND RECOMMENDATIONS

For the reasons given above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **November 22, 2023**                    _____
                                                    UNITED STATES MAGISTRATE JUDGE