UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAURA FLORES TAPIA,<br><br>  Plaintiff,<br><br>  v.<br><br>BURLINGTON COAT FACTORY OF TEXAS, INC., et al.,<br><br>  Defendants. | Case No.: 1:23-cv-01294-JLT-CDB<br><br>**FURTHER ORDER TO SHOW CAUSE**<br><br>**THREE (3)-DAY DEADLINE**<br><br>(Docs. 4, 5) |

Plaintiff Maria Laura Flores Tapia is proceeding through counsel Jason Cole and Jonathan M. Kashani of the Law Office of Jonathan M. Kashani, P.L.C.

**I.  RELEVANT PROCEDURAL BACKGROUND**

On or about July 10, 2023, Plaintiff commenced an action in the Superior Court of the State of California, County of Kern, against Defendants Burlington Coat Factory of Texas, Inc., Burlington Coat Factory, Burlington, and Does 1 to 100. *See* Doc. 1 ("Notice of Removal"), Exhibit 2. Plaintiff filed the operative first amended complaint on or about August 18, 2023. *Id.* ¶ 1 & Exhibit 1. After answering the first amended complaint in the state court action, Defendant Burlington Coat Factory of Texas, Inc., removed the action to this Court on August 29, 2023. (Doc. 1). In the Notice of Removal, the removing Defendant represented that the two other named co-Defendants (Burlington Coat Factory and Burlington) are unknown entities that have

not been served. *Id.* ¶ 1.

On August 30, 2023, the Clerk of Court directed counsel for Plaintiff to apply for admissions to practice before this Court (Doc. 3); to date, counsel has not complied with this direction.

Because counsel for Plaintiff has not been admitted to practice before this Court, on November 14, 2023, the Court ordered Plaintiff to show cause in writing no later than November 21, 2023, why this action should not be dismissed for failure to prosecute this action and failure to comply with this Court's Local Rules and orders. (Doc. 4). Further, because Plaintiff has not promptly filed proofs of service as to the two non-appearing co-Defendants (Burlington Coat Factory and Burlington), by that same date, the Court ordered Plaintiff to file either proof of service or a notice of voluntary dismissal for the two co-Defendants, or a report setting forth good cause for the service delay. *Id.* The deadline for Plaintiff to respond to the Court's order passed and Plaintiff failed either to comply or respond.

Thereafter, the undersigned issued findings and recommendations to dismiss this action without prejudice for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 5). Counsel for Plaintiff timely filed an objection. (Doc. 7). In his declaration, counsel represented that when Defendants removed this action from state court, they purportedly "entered my office email address instead of the firm litigation email so that all staff on my litigation team would see and have access to notices, etc." *Id.* ¶ 4. Counsel implies that he was unaware of the Court's earlier order to show cause on account of this apparent email issue. However, the docket plainly reflects that the show cause order was mailed to counsel at their office address – hence, it is not clear to the Court how or why any supposed issue with counsel's email would have deprived him of timely notification of the show cause order.

Notwithstanding counsel's declaration that he applied for admission to this District on or before December 5, 2023, he remains unadmitted to practice. The undersigned is informed that the office of the Clerk of Court identified and communicated to counsel a deficiency in his application; to date, counsel has not remedied the deficiency.

Further, notwithstanding counsel's representations that he (1) would prepare and submit to

2

the Court a joint scheduling report by December 13, 2023, and (2) would dismiss the two non-appearing Defendants (Doc. 7 ¶¶ 8, 9), counsel has followed through on neither of his commitments.

This Court has admonished Plaintiff previously that she is subject to sanctions for failing to comply with this Court's orders and failure to prosecute.  (*See* Docs. 4, 5).  Plaintiff shall be afforded one final opportunity to bring her conduct into compliance.

## II.    CONCLUSION AND ORDER

Accordingly, within three days of entry of this order, Plaintiff is ORDERED TO SHOW CAUSE in writing why sanctions should not be imposed for her failure to comply with Court orders and failure to prosecute.

In addition to service by mail, the Clerk of Court is DIRECTED to provide a copy of this Order to counsel via the email address reflected in the header of his December 5 declaration (Doc. 7), specifically:

litigationteam@kashlegal.com

**Failure to timely comply with this Order will result in the imposition of sanctions up to and including financial sanctions and dismissal of the action**.

IT IS SO ORDERED.

Dated:   **December 18, 2023**

UNITED STATES MAGISTRATE JUDGE

3