UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAURA FLORES TAPIA,<br><br>Plaintiff,<br><br>v.<br><br>BURLINGTON COAT FACTORY OF TEXAS, INC., *et al*.<br><br>Defendants. | Case No. 1:23-cv-01294-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REMAND<br><br>(Doc. 22)<br><br>**14-DAY DEADLINE** |

Pending before the Court is the motion by Plaintiff Maria Laura Flores Tapia ("Plaintiff") for leave to amend the operative complaint and to remand the action to state court. (Doc. 22), Defendant Burlington Coat Factory of Texas, Inc. ("Defendant") filed an opposition (Doc. 24), and Plaintiff replied (Doc. 25). For the reasons explained herein, the Undersigned shall recommend Plaintiff's motion for leave to amend and to remand be GRANTED.

**Background**

This case arises from injuries Plaintiff allegedly suffered when she "slipped and/or tripped and fell within Defendant's premises on or about July 10, 2021. (Doc. 1 at 6). On July 10, 2023, Plaintiff filed a complaint in the Superior Court of the State of California, County of Kern, entitled *Maria Laura Flores Tapia v. Burlington Coat Factory of Texas, Inc., et al.*, as case No. BCV-23-102212. (Docs. 1; 24-2 at 2). Plaintiff filed a first amended complaint on August 18,

1    2023, raising the following claims against Defendants Burlington Coat Factory of Texas, Inc.,
2    Burlington Coat Factory, and Burlington: (1) negligence, (2) premises liability, and (3) negligent
3    infliction of emotional distress.  (Doc. 1 at 5-11).[1]  Plaintiff also raised claims against Does 1 to
4    100.  *Id*. at 5-6.  Plaintiff asserted she "will amend her Complaint to allege their true names and
5    capacities when ascertained."  *Id*. at 6.  Defendant filed an answer to Plaintiff's first amended
6    complaint on August 23, 2023.  *Id*. at 2, 33-44.  On August 29, 2023, Defendant removed the
7    action to this Court on the grounds of diversity jurisdiction.  *Id*.

8          On December 29, 2023, the Court issued a scheduling order in this action.  (Doc. 19).
9    Thereafter, the parties engaged in written discovery.  (Doc. 22-2 at 2).  Plaintiff claims she
10   discovered that employee Tyler Watchorn ("Watchorn"), a California resident, was liable for her
11   injury.  (Docs. 22-1 at 2; 22-2 at 3).  Plaintiff seeks leave of Court to add Watchorn as a
12   Defendant in this action.  (Doc. 22-1 at 2).  Plaintiff also seeks an order remanding the matter to
13   state court since the addition of Watchorn would defeat diversity jurisdiction.  *Id*.  In March 2024,
14   the parties attempted to meet and confer regarding Plaintiff's proposed amendment of her first
15   amended complaint.  (Docs. 22-2 at 3; 24-2 at 2-3).

16         On March 26, 2024, Plaintiff filed the instant motion for leave to amend and remand.
17   (Doc. 22).[2]  Defendant filed an opposition and request for judicial notice on March 29, 2024.
18   (Docs. 24; 24-1).  Plaintiff filed a reply to Defendant's opposition on April 8, 2024.  (Doc. 25).

19   **Request for Judicial Notice**

20         Fed. R. Evid. 201 permits a court to take judicial notice of any facts "generally known
21   within the trial court's territorial jurisdiction" or that "can be accurately and readily determined
22   from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  A

---

[1] On December 26, 2023, the parties stipulated to the dismissal of Defendants Burlington Coat Factory and Burlington without prejudice under Federal Rule of Civil Procedure 41.  (Doc. 14).

[2] Plaintiff did not submit a proposed amended complaint with her motion as required by the Court's Local Rules.  Local Rule 137(c).  (Doc. 22).  On April 22, 2024, the Court ordered Plaintiff to file a proposed amended complaint.  (Doc. 26).  The next day, Plaintiff filed a "proposed first amended complaint."  (Doc. 27).  However, it appears the proposed complaint would be Plaintiff's second amended complaint.  *See* (Doc. 1).

2

court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c); *Indemnity Corp v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record outside the pleadings).

In support of its opposition to Plaintiff's motion, Defendant requests that the Court take judicial notice of docket entries 1-23 for this case. (Doc. 24-1 at 1). As these documents are already in the record, there is no need to take judicial notice of them. *E.g., Lew v. U.S. Bank N.A.*, No. C 11-04546 RS, 2012 WL 1029227, at *1, n.1 (N.D. Cal. Mar. 26, 2012).

**Legal Standard**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447; *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). Where the plaintiff's amendment would destroy diversity, it is within the Court's "sound discretion" to permit amendment in light of six factors. *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011, 1013 (N.D. Cal. 2000). The six factors include: (1) necessity of joinder, (2) statute of limitations, (3) timing of request for leave, (4) motive for joinder in light of jurisdictional concerns, (5) validity of claims, and (6) prejudice to plaintiff from denial of joinder. *Id*. (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)); *see Reyes v. FCA, LLC,* No. 20-008833, 2020 WL 7224286, at *3 (E.D. Cal. Dec. 8, 2020) (applying six factor test). Claims of "fraudulent joinder" – to with, that a plaintiff's proposed claims against the new defendant are a meritless attempt to avoid federal court – are evaluated as part of this test. *Reyes*, 2020 WL 7224286, at *4. "Any of these factors might prove decisive, and none is an absolute necessary condition of joinder." *Id*. at *3 (quoting *Cruz v. Bank of N.Y. Mellon*, No. 5:12-cv-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. Jul. 10, 2012)). "There is a general presumption against fraudulent joinder" and a defendant bears a "heavy" burden to oppose remand on this ground. *Id. See Hamilton Materials, Inc. v. Dow. Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.")

///

3

**Analysis**

    1. Necessity of Joinder

A person must be joined as a party under Federal Rule of Civil Procedure Rule 19(a) if "[their] absence would preclude the grant of complete relief, or [their] absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). Courts consider Rule 19 in conducting the § 1447(e) analysis. *See Sandhu v. Volvo Cars of N. America, LLC*, No. 16-cv-04987-BLF, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017). An amendment to join a party under § 1447 is less restrictive than the standard for joinder under Rule 19. *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011-12. The requirements for joinder under § 1447(e) can be met when failure to join will lead to separate and redundant actions. *Id*.

Plaintiff contends that Watchorn is liable to her for the alleged harm, detriment, and damages she sustained as a result of her slip and fall at Defendant's premises. (Doc. 22-1 at 3). Plaintiff claims Watchorn "negligently managed and supervised other DOES and employees of the store on the date of the incident" and was "responsible for the safety of customers and keeping the premises free of slip hazards." *Id*. at 3, 6.

In opposition, Defendant argues Plaintiff has "concocted baseless allegations against Tyler Watchorn" for the sole purpose of defeating diversity jurisdiction." (Doc. 24 at 4). Specifically, Defendant contends "Plaintiff claimed that she fell because there was water from the bathroom that caused a slip hazard" but "[t]he fact is that the area in which she allegedly fell is nowhere near the bathroom!" *Id*. Defendant claims "Tyler Watchorn's handwritten note of the incident…makes no mention of a bathroom" and Plaintiff "has not noticed a site inspection, nor has she provided any evidence that there was a leak from a bathroom." *Id*.

Defendant asserts Watchorn is not a necessary party to join to the action because Defendant "would represent him, …whatever Plaintiff wants to know regarding the subject incident has already been asked and answered," and "Burlington would ultimately be responsible for his actions since Tyler Watchorn was Burlington's employee!" *Id*. at 6-7.

Plaintiff alleges that the party sought to be joined (Watchorn) was employed by Defendant "at the time of the incident and had the duty and responsibility to control, manage, inspect, maintain and render safer the [premises] for customers and to ensure all employees inspected the [premises] and kept them safe for customers." (Doc. 26 at ¶ 3). Watchorn is identified as a customer service supervisor and Plaintiff alleges Watchorn managed the store on the date of the alleged incident. (Docs. 22-1 at 4; 22-2 at 33). Defendant does not challenge this claim and instead acknowledges Watchorn as a "manager." (Doc. 24-2 at 3).

"Long-settled California law provides that '[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability.'" *Gallegos v. Costco Wholesale Corp.*, No. CV 20-3250-DMG (GJSx), 2020 WL 2945514, at *3 n.3 (C.D. Cal. June 2, 2020) (quoting *Perkins v. Blauth*, 163 Cal. 782, 787 (1912)); *see PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381 (2000) ("[A]n agent is liable for her or his own acts, regardless whether the principal is also liable."). A store manager may be held liable separate and apart from the premises owner's liability. *Gallegos*, 2020 WL 2945514, at *3 (permitting joinder of store's manager because "[i]n the context of the negligence and premises liability claims in this case, [the manager] is Costco's agent and, therefore, it is plausible that Defendants' conduct is intertwined"); *Trujillo v. Target Corp.*, No. 17-cv-06429 VAP (GJSx), 2017 WL 4864490, at *2 (C.D. Cal. Oct. 26, 2017) (same). Thus, Plaintiff may bring claims against the store manager, Watchorn, while also asserting claims against the store. *E.g., West v. Costco Wholesale Corp.*, No. LA CV20-04265 JAK (FFMx), 2020 WL 7023777, at *4 (C.D. Cal. Sep. 15, 2023); *Ramirez v. Costco Wholesale Corp.*, No. 2:22-cv-07985-DMG-(PVCx), 2023 WL 2388349, at *3 (C.D. Cal. Mar. 7, 2023); *Dirkes v. Sam's W., Inc.*, No. 2:22-cv-03466-JLS-(MARx), 2022 WL 17098672, at *3 (C.D. Cal. Sep. 7, 2022).

Plaintiff's claims against Watchorn are not "tangentially related" to his claims against Defendant. Instead, they overlap entirely. Therefore, a failure to join Watchorn in this action could result in a later state court action against Watchorn based on the same factual and legal issues.

Defendant's argument that it will "ultimately be responsible" for the actions of its employee is unavailing. The fact that Defendant may be held vicariously liable for Watchorn's alleged negligence does not, by itself, establish Watchorn's immunity. The doctrine of respondeat superior is a "doctrine of imputed liability, not a doctrine of immunity." *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL-(ASx), 2015 WL 1285287, at *4 (C.D. Cal. Mar. 19, 2015). Moreover, Defendant has "not supplied the Court with any California authority supporting the contention that a corporate store manager is immune from liability merely because the corporation may be held vicariously liable for the manager's negligence." *Id.*; *Morcote v. Oracle Corp.*, No. 3:05-cv-00386-JCS, 2005 WL 3157512, at *7 (N.D. Cal. Nov. 23, 2005); *see generally* (Doc. 24). Accordingly, the Undersigned finds this factor weighs in favor of granting leave to amend.

2. Statute of Limitations

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015).

California Code of Civil Procedure § 335.1 provides for a two-year statute of limitations for personal injury actions. Because Plaintiff alleges the incident at Defendant's store occurred on or about July 10, 2021, the statute of limitations likely bars any personal injury claims filed after July 10, 2023. Thus, if Plaintiff is not permitted to join Watchorn and the filing of this action was not deemed to have tolled the limitations period, any purported claim against Watchorn could be time-barred. Accordingly, this factor weighs in favor of granting leave to amend.

3. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083 (C.D. Cal. 1999). To evaluate the timeliness factor, a court must do more than merely determine whether a motion to amend was filed within the period of time allowed by the

6

1   scheduling order. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir.
2   2006). Instead, courts must consider whether the "moving party knew or should have known the
3   facts and theories raised by the amendment in the original pleading." *Id*. (quoting *Jackson v.*
4   *Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

5   Plaintiff argues her motion is timely because she did not discover the basis for her need to
6   amend until Defendant served its discovery responses on February 29, 2024. (Doc. 25). In
7   opposition, Defendant asserts Plaintiff's motion is untimely. (Doc. 24 at 5-6). Defendant notes
8   the case was filed on July 10, 2023, and Plaintiff waited for months to file the instant motion. *Id*.
9   at 6. Defendant claims this delay "occurred after multiple delays by Plaintiff's counsel in
10  responding to this Court's orders, initial disclosures, written discovery, and talks of mediation."
11  *Id*.

12  Plaintiff filed the instant motion almost eight months after this action was removed to this
13  Court on August 29, 2023. (Docs. 1, 22). Between August 2023 and December 2023, this action
14  was delayed because of counsel for Plaintiff's failure to adhere to this Court's orders. *See* (Docs.
15  3-7, 10-13, 16-7). However, it appears when Plaintiff discovered the identity of Watchorn, she
16  filed the instant motion within a month. Plaintiff filed the motion a day before the deadline to
17  amend pleadings. (Doc. 19 at 1-2). Additionally, no significant activity has occurred in this case.
18  *See Yang v. Swissport USA, Inc.,* No. 3:09-cv-03823-SI, 2010 WL 2680800, at *4 (N.D. Cal. July
19  6, 2010) (granting a motion to amend that was filed nine months after removal where "no
20  dispositive motions have been filed, and the discovery completed thus far [would] be relevant
21  whether the case is litigated in [federal] court or state court"); *cf. Lopez v. Gen. Motors Corp.*,
22  697 F.2d 1328, 1332 (9th Cir. 1983) (denying motion to amend complaint and join nondiverse
23  defendant that was filed more than six months after removal and just days before the court's
24  consideration of a summary judgment motion). Accordingly, the Undersigned concludes that this
25  factor weighs in favor of granting leave to amend.

26      4.  Motive for Joinder
27  Under this factor, courts examine "the motive of a plaintiff in seeking the joinder of an
28  additional defendant[.]" *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th

Cir. 1980). "The issue is often framed in terms of whether the sole purpose of seeking to join the non-diverse defendant is to defeat diversity jurisdiction." *Murphy*, 74 F. Supp. 3d at 1285; *see Munoz v. Walmart Inc.*, No. 2:19-cv-08333-ODW-JPR, 2020 WL 91499, at *2 (C.D. Cal. Jan. 8, 2020) (courts routinely exercise discretion to deny joinder when it appears that plaintiff's sole motivation is to avoid federal court).

Defendant contends Watchorn "is nothing more than a sham defendant for Plaintiff to try and defeat diversity." (Doc. 24 at 4-5) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). However, Defendant's argument largely relies on conclusory statements regarding Plaintiff's motive. *See generally* (Doc. 24). Counsel for Defendant claims Counsel for Plaintiff "threatened to remand this case back to the state court based on conclusory allegations that [Defendant's] manager was somehow responsible for the subject incident." (Doc. 24-2 at ¶ 7). In support of this assertion, counsel for Defendant states a "copy of Emails regarding Plaintiff's remand attempts is attached hereto as Exhibit 1." *Id*. However, no document titled "Exhibit 1" is attached to Defendant's filing. Defendant has not produced any evidence demonstrating that Plaintiff's sole intent behind his motion is to destroy diversity jurisdiction. *E.g., Gunn v. Wild*, No. C-01-4320 VRW, 2002 WL 356642, at *5 (N.D. Cal. Feb. 26, 2002) ("To the extent that the intention to destroy diversity counts as an improper motive under § 1447(e), …the court finds that defendants have not produced evidence demonstrating this intention.").

Additionally, courts examine the following factors in assessing a plaintiff's motive for joining a non-diverse defendant:

> "1) whether the plaintiff was aware of removal when the plaintiff amended her complaint; 2) whether the proposed amended complaint contains only minor or insignificant changes to the original complaint; 3) whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant; and 4) whether the plaintiff has asserted a facially valid claim against a proposed defendant."

*Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 835 (C.D. Cal. 2023) (citing *Quesada v. Atrium Hosp. LP*, No. 2:22-CV-06143-SVW-MAA, 2023 WL 1861213, at *7 (C.D. Cal. Feb. 9, 2023)).

First, Plaintiff was certainly aware that the case had been removed at the time she filed the instant motion to amend. Second, Plaintiff's proposed changes to the complaint are minor and the proposed pleading is largely duplicative of the operative complaint. *See* (Docs. 1 at 5-11; 27); *cf. Clinco*, 41 F. Supp. 2d at 1083 n.2 ("[a]part from various editorial differences, the first amended complaint add[ed] a one-sentence allegation to the first cause of action and slightly alter[ed] the sixth cause of action."). Third, the Undersigned finds Plaintiff has provided an adequate explanation of why she waited to bring claims—the validity of which is discussed in the next section—against Watchorn. *Supra* 7; (Doc. 22-2 at 2). In light of these facts, the Undersigned finds this factor is neutral. *See Malijen v. Ford Motor Co.*, No. EDCV 20-1217 JGB (KKx), 2020 WL 5934298, at *3 (C.D. Cal. Aug. 20, 2020) ("[S]uspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle the addition of diversity-destroying defendants.").

5. Validity of Claims

Under the fifth factor, the court considers whether a new claim sought to be added seems to be facially valid. *Khachunts*, 2023 WL 4554103, at *4; *Clinco*, 41 F. Supp. 2d at 1083. A claim is facially valid if it "seems valid, which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." *Flores v. Nissan N. Am., Inc.*, No. CV 21-09411-RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022). Here, Plaintiff wants to add Watchorn to her first cause of action for negligence. (Doc. 22-1 at 2). Under California law, the elements for Plaintiff's negligence and premises liability claims are: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016).

As noted above (*supra* 5-6), the claims Plaintiff raises against Watchorn are identical to those alleged against Defendant – that both breached their duty to keep the premises in a reasonably safe condition, thereby causing Plaintiff's injury. Thus, Plaintiff appears to have alleged the necessary elements of negligence against Watchorn. While Defendant challenges Plaintiff's allegations regarding Watchorn's involvement (Doc. 24 at 4), the Undersigned finds at this stage, Plaintiff's claims against Watchorn seem to meet the *de minimis* standard that they

9

appear "facially valid." Defendant has not shown there is no possibility for Plaintiff to assert a cognizable claim against Watchorn. Accordingly, this factor weighs in favor of permitting amendment.

6. Prejudice to Plaintiff

The Undersigned must also consider whether denial of Plaintiff's motion to amend would prejudice her. *IBC Aviation Servs., Inc.*, 125 F Supp. 2d at 1013. As discussed above, denying amendment could require Plaintiff to engage in redundant litigation arising out of the same facts and legal issues, or forego their potential claims against Watchorn due to the applicable statute of limitations. *Supra* 5-6. Accordingly, this factor weighs in favor of permitting amendment.

**Conclusion and Recommendations**

The § 1447(e) factors discussed above largely weigh in favor of permitting amendment. As Defendant does not carry its "heavy" burden of rebutting the presumption against fraudulent joinder (*Reyes*, 2020 WL 7224286, at *3), the Court should exercise its discretion in permitting the joinder of Watchorn and remanding this action to the state court. Accordingly, the Undersigned RECOMMENDS that:

1. Plaintiff's motion for leave to amend and to remand (Doc. 22) be GRANTED and the proposed amended complaint (Doc. 27) be deemed filed;
2. This action be remanded to the Superior Court of the State of California, County of Kern; and
3. The Clerk of the Court be DIRECTED to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified

///

///

time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 26, 2024**                                  _____
                                                                                      UNITED STATES MAGISTRATE JUDGE